UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. FINFROCK,

    Plaintiff,

vs.    Case No. 2:06-cv-556-FtM-29SPC

T.R. DOUBERLEY; JOHN DOES; FNU WOODWARD; BARBARA A. MCCLAIN; R. MITCHELL; SONYA J. TAYLOR; T.M. AUSTIN; K. SWENDLE,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the file. Plaintiff, who is proceeding *pro se* and is currently incarcerated at Moore Haven Correctional Facility (hereinafter "MHCF"), filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on October 16, 2006. In summary, the Complaint alleges that officers from MHCF issued false disciplinary reports against Plaintiff in retaliation for Plaintiff filing a state civil suit against the jail. As relief, Plaintiff requests that the Court: (1) reinstate the thirty days of gain time that Plaintiff was "illegally deprived" of at the disciplinary report hearing; (2) award him $50,000.00 in damages for the officers' alleged acts of reprisal; and (3) enter an injunction.

II.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act (hereinafter

PLRA) requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

III.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Here, liberally construing Plaintiffs' Complaint it appears that Plaintiff claims that the defendants retaliated against Plaintiff and subjected Plaintiff to an illegal disciplinary action.

IV.

Assuming for purposes of review of the Complaint that Plaintiff could prove that Defendants Mitchell, McClain, and Woodward retaliated against him, Plaintiff's Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). The Supreme Court has applied the <u>Heck</u> analysis to actions brought by prisoners who are challenging disciplinary action. <u>Edwards v. Balisok</u>, 520 U.S. 641, 643-649 (1997).

Here, Plaintiff's claim that Defendants Woodward, McClain, and Mitchell retaliated against him for filing a civil action against the jail in state court, if proven, would necessarily imply the invalidity of the subject disciplinary action. Since Plaintiff has not alleged that the disciplinary report was expunged, reversed or invalidated, Plaintiff cannot state a cause of action to sustain a § 1983 action relating to his underlying charge consistent with <u>Heck</u>. *Cf*. <u>Muhammad v. Close</u>, 540 U.S. 749, 754-55 (2004)(holding that plaintiff's § 1983 challenge of state prison disciplinary hearing not barred by <u>Heck</u> because it was not "construed as seeking a judgment at odds with his conviction").

Additionally, to the extent that Plaintiff forfeited gain time as a result of the disciplinary hearing, Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).  Plaintiff, however, must first exhaust his state court remedies with respect to any habeas claim prior to filing a petition in this Court.

Consequently, the Court, concludes that no relief could be granted against the defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint.  Thus, for the reasons stated above, Plaintiff's claim is premature and consequently this case will be dismissed.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Plaintiff's Complaint is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e)(2).

2.   The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of November, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record

-5-